UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH BACKUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 20-CV-0215-CVE-JFJ |
| | ) |
| TULSA GREENBRIAR I, LLC, and | ) |
| GAINES INVESTMENT TRUST, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Now before the Court is Defendants Tulsa Greenbriar I, LLC and Gaines Investment Trust's Motion to Dismiss Plaintiff's First Amended Complaint and Brief in Support (Dkt. # 40). Defendants Tulsa Greenbriar I. LLC (Greenbriar) and Gaines Investment Trust (Gaines) argue that plaintiff has failed to state a plausible claim against them under the Fair Housing Act, 42 U.S.C. § 3601 et seq. (FHA), and they assert that plaintiff failed to obtain leave of court to allege new state law claims in an amended complaint. Dkt. # 40. Plaintiff responds that he has adequately alleged an FHA claim under failure to accommodate and retaliation theories, and he claims that the Court did not expressly preclude him from asserting new claims in his amended complaint. Dkt. # 45.

**I.**

Joseph Backus is a 73 year old male who uses a cane for support when walking, and beginning in 2015 he leased an apartment at Greenbriar Apartments in Tulsa, Oklahoma. Dkt. # 34, at 5. He alleges that Greenbriar owns the apartment complex and Gaines is listed as an "agent" for Greenbriar on the lease agreement. Id. The most recent lease agreement was for a six month term from November 20, 2017 to May 20, 2018. Id. Upon expiration of the lease term, the lease

agreement states that it would remain in effect on a month to month basis until either party to the lease provided written notice of termination. Id. at 1. An addendum to the lease contains additional provisions concerning the procedure for terminating the lease:

> a) <u>Management must receive written notice of Residents [sic] intent to move out at least 60 days prior to the move-out date.</u> The advance notice must be at least 60 days in advance even if the Lease has become a month-to-month lease. If a move-out notice is received on the first, the notice shall be deemed sufficient for move-out on the last day of the month of intended move-out, provided that all other requirements below are met:
>
> b) Move-out notice must be in writing. Oral move-out notice will not be accepted and will not terminate this Lease.
>
> c) Your move-out notice must not terminate the Lease sooner than the end of the Lease term or renewal period.

Dkt. # 2-1, at 14.[1]

Backus states that he went to the leasing office on April 24, 2018 to request that he be moved to an apartment closer to the mailbox, because he had sustained injuries to one of his legs after a fall. Dkt. # 34, at 6. He claims that he was wearing a brace on his leg and it would have been apparent to the manager that plaintiff had sustained injuries when he fell. Id. Backus alleges that the manager denied his request to be moved to a new apartment closer to the mailbox, and Backus believed that he could not safely use and enjoy his apartment without the requested accommodation. Id. at 7. Plaintiff immediately told the manager that he would be terminating his tenancy and

---

[1] Plaintiff references the lease agreement throughout his amended complaint and he attached a copy of the lease agreement to his original complaint. Dkt. # 2-1. When ruling on a motion to dismiss, a court may consider "not only the complaint itself, but also attached exhibits . . . and documents incorporated into the complaint by reference." Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009) (citations omitted). The lease agreement is expressly referenced in the amended complaint and plaintiff has provided the Court with a copy of the document, and the Court may consider the lease agreement without converting defendant's motion into a motion for summary judgment.

2

moving out of his apartment, and he prepared a handwritten note stating that "[d]ue to my walking disability, I'm giving you notice to vacate May 20th, 2018." Id. at 8. Backus claims that the manager gave his handwritten notice back to him, and the manager used a form prepared by Greenbriar stating that Backus was giving 60 days notice to vacate his apartment. Dkt. # 34, at 8. The manager wrote on the form that Backus was leaving to find a new apartment with "[l]ocation for walking shorter distance." Id. The notice form stated that defendants would schedule a walkthrough of the apartment within 15 days of the move out date. Id. Backus claims that he moved out of his apartment on May 18, 2018 and his apartment was very clean for the walkthrough. Id. at 9. Backus has provided a copy of the move out sheet prepared during the walkthrough, and he was later charged $175 for cleaning and carpet repair. Dkt. # 2-4.

Backus received a letter in June 2018 stating that he was being charged $711.08 by Greenbriar and Gaines, and he should expect to be contacted by I.Q. Data International, Inc. (I.Q. Data) about the debt. Id. at 10. Backus alleges that the itemized bill listed cleaning charges and insufficient move out notice as the basis for the charges, and he attached a copy of the bill to his original complaint. Greenbriar Apartments charged Backus additional amounts for unpaid utilities and rent from the time period of May 19 to June 20, 2018, resulting in a total debt of $1,168.30. Dkt. # 2-3, at 1. Backus received a credit for his security deposit and for a prior rent payment, reducing the amount of the debt to $711.08. Backus alleges that he contacted Greenbriar and asked why he was being charged a cleaning fee, and he also "reminded the Greenbriar Defendants that he only moved because of his inability to walk." Dkt. # 34, at 11. Backus states that the charges were not reduced and he did not receive his security deposit after his communication with Greenbriar. Id.

Backus has received communications from I.Q. Data about the debt, and he claims that he is being charged interest by I.Q. Data. Id. at 12.

On May 20, 2020, Backus filed this case alleging claims under the FHA, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (FDCPA), and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1691 et seq. (RICO). Backus also alleged a negligence claim under Oklahoma law, and he sought a declaratory judgment that defendants' attempts to collect a debt from him violates state and federal law. Each of plaintiff's claims, except for his FDCPA claim, was alleged against all defendants, and the FDCPA claim was alleged against I.Q. Data only. Defendants filed motions to dismiss (Dkt. ## 13, 24) seeking to have all of the claims alleged in the complaint dismissed. The Court granted the motions to dismiss and allowed Backus leave to file an amended complaint "re-alleging certain claims only as permitted by this Opinion and Order . . . ." Dkt. # 33, at 18. Plaintiff was permitted to re-allege his FHA claim against Greenbriar and Gaines and FDCPA claim against I.Q. Data, but he was not permitted to re-allege any other claims or assert new claims that were not included in the original complaint. Id. at 9, 16. Backus filed an amended complaint alleging an FDCPA claim (Count 1) against I.Q. Data, an FHA claim (Count 2) against Greenbriar and Gaines, and a claim (Count 3) under the Oklahoma Residential Landlord and Tenant Act (ORLTA) against Greenbriar and Gaines. Plaintiff has filed a notice of dismissal of his claims against I.Q. Data, and I.Q. Data has been terminated as a party. Dkt. ## 48, 49.

## II.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic

4

recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

**III.**

Greenbriar and Gaines argue that plaintiff has not stated an FHA claim against them, because he has not alleged that he provided defendants a meaningful opportunity to review his request for an accommodation and enforcement of the 60 day notice provision did not deny him an equal right to use and enjoy his apartment. Dkt. # 40, at 10-18. They also assert that plaintiff did not request or receive leave to bring new state law claims in an amended complaint, and they ask the Court to dismiss Count 3 of the amended complaint. Id. at 19-20. Plaintiff responds that he has stated a

plausible FHA claim under theories of failure to accommodate and retaliation, and he states that the Court did not expressly prohibit him from alleging new state law claims in an amended complaint. Dkt. # 45.

### A.

Defendants argue that plaintiff did not allow any opportunity for defendants to review his request for an accommodation, and plaintiff's request to move out of his apartment before the 60 day notice period expired did not affect his use and enjoyment of the apartment. Dkt. # 40, at 10-12. Defendants also argue that plaintiff's FHA claim is barred by the statute of limitations, because it was not filed within two years of the denial of plaintiff's request for an accommodation. Plaintiff responds that defendants had an opportunity to review his request for accommodation but chose to immediately deny his request, and he argues that the 60 day notice period gave defendants sufficient time to consider his request for an accommodation. Dkt. # 45, at 6-7.

Under the FHA, it is unlawful to "discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of . . . that buyer or renter." 42 U.S.C. § 3604(f)(1). The FHA also prohibits discrimination "in the terms, conditions, or privileges of sale or rental of a dwelling" because of a person's handicap. 42 U.S.C. § 3604(f)(2). Discrimination is defined as "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling . . . ." 42 U.S.C. § 3604(f)(3)(B). A failure to accommodate claim under the FHA has five elements: "(1) that the plaintiff . . . is handicapped as defined by the FHA; (2) that the defendant knew or reasonably should have known of the claimed handicap; (3) that accommodation of the handicap may be necessary to afford the handicapped person an equal

opportunity to use and enjoy the dwelling; (4) that the accommodation is reasonable; and (5) that defendant refused to make such accommodation." Arnal v. Aspen View Condominium Assoc., Inc., 226 F. Supp. 3d 1177, 1183 (D. Colo. 2016). The FHA "requires accommodations that are necessary (or indispensable or essential) to achieving the objective of equal housing opportunities between those with disabilities and those without." Cinnamon Hills Youth Crisis Center v. Saint George City, 685 F.3d 917, 923 (10th Cir. 2012). The mere fact that a handicapped person makes a request for accommodation does not mean that the accommodation is necessary, and a defendant must be given a reasonable opportunity to review the request for accommodation and determine if the accommodation is necessary under the FHA. Arnal, 226 F. Supp. 3d at 1186.

Defendants do not raise any argument concerning the necessity of the requested accommodation, but they argue that plaintiff failed to give them a meaningful opportunity to review his request. The FHA does not require that a housing provider immediately grant all requests for an accommodation. Bhogaita v. Altamonte Heights Condominium Ass'n, Inc., 765 F.3d 1277, 1285-86 (11th Cir. 2014). Part of making a reasonable request for accommodation is that the plaintiff must allow the defendant an opportunity to review requested accommodation to determine whether it is required under the FHA. Arnal, 226 F. Supp. 3d at 1186. The housing provider's failure to make a determination about the requested accommodation can become a constructive denial if there is an unreasonable delay in making a decision. Evans v. ForKids, Inc., 306 F. Supp. 3d 827, 841 (E.D. Va. 2018).

The amended complaint alleges that plaintiff went to the leasing office on April 24, 2018 and informed the manager that he could not walk from his apartment to the mailbox. Dkt. # 34, at 6. Plaintiff claims that he had a brace on his leg and it was obvious that he had mobility problems, and

he requested to move to an apartment closer to the mailbox. Id. at 7. Plaintiff alleges that the manager denied his request, and plaintiff told the manager that he would be moving out of his apartment. Id. Plaintiff's allegations suggest that he immediately gave notice of his intent to vacate the apartment after his requested accommodation was denied, and he does not allege that he engaged in any further dialogue with Greenbriar about this issue before he moved out. Plaintiff attached a copy of the lease agreement to his original complaint and he references the document throughout his amended complaint. The lease agreement requires that requests for accommodation be made in writing, and the request must identify the nature of the accommodation and must contain a brief explanation of the need for the accommodation. Dkt. # 2-1, at 9. Greenbriar may request additional information from the tenant to determine if the accommodation is reasonable, and the tenant is encouraged to have further discussions with the apartment complex's community manager if the requested accommodation is denied. Id. Plaintiff claims that he received a letter in June 2018, after he moved out, stating that he owed Greenbriar $711.08 for cleaning expenses and insufficient notice, and he contacted Greenbriar in an attempt to dispute the debt and recover his security deposit. Dkt. # 34, at 10. Plaintiff asserts that this communication was a request for an accommodation of his disability, even though he had already moved out of his apartment, because he told defendants that he moved out of his apartment due to his disability and defendant's failure to grant him an accommodation. Dkt. # 34, at 10-11.

Construing the allegations of the amended complaint in a light most favorable to plaintiff, the Court finds that plaintiff has stated a failure to accommodate claim under the FHA based on his request to be moved to an apartment closer to the mailbox. Plaintiff plainly alleges that he requested an accommodation and his request was denied. Id. at 6-7. Defendants do not assert any argument

concerning any other element of an FHA claim, such as whether plaintiff was handicapped or that the requested accommodation was unreasonable, and the sole argument raised by defendants is that plaintiff did not provide Greenbriar and Gaines sufficient time to consider his request for an accommodation. Plaintiff alleges that he requested an accommodation on April 24, 2018 and his request was denied on the same day, and he does not allege that Greenbriar sought additional time to consider his request for an accommodation. At this stage of the case, the Court must accept the well-pleaded allegations of the amended complaint as true, and this is sufficient to state a failure to accommodate claim under the FHA. However, defendant's motion to dismiss is granted as to plaintiff's FHA claim concerning his alleged request for return of his security deposit. Plaintiff has attached a copy of the June 2018 letter (Dkt. # 2-3) in which he was notified of a debt of $711.08, and it shows that he was credited for his security deposit. The parties dispute whether the lease termination date of May 20, 2018 or the 60 day notice provision should control the amount of rent owed by plaintiff, but plaintiff has made no allegations supporting an inference that defendants sought to enforce the 60 day notice provision because of plaintiff's alleged disability. Instead, plaintiff's allegations establish that this was a standard lease provision, and Greenbriar provided every tenant, including plaintiff, with a pre-printed form requiring 60 days notice before a tenant moved out. Plaintiff has alleged that he disputed the debt after he moved out, but enforcement of the 60 day notice provision had no bearing on plaintiff's use or enjoyment of his apartment after he vacated the property.

    Defendants argue that plaintiff's FHA retaliation claim should be dismissed for the same reasons stated in the Court's prior opinion and order. Dkt. # 40, at 11. Under 42 U.S.C. § 3617, it is unlawful "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment

of, or on account of his having exercised or enjoyed . . . any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." To state a claim of retaltion under the FHA, a plaintiff must allege that "(1) he was engaged in protected activity; (2) he suffered an adverse action in the form of coercion, intimidation, threats, or interference; and (3) there was a causal link between the two." McAdoo v. Vici Community Development Corp., 2020 WL 2529368 (W.D. Okla. May 18, 2020). The amended complaint alleges that defendants retaliated against plaintiff for requesting an accommodation by withholding his security deposit after he moved out of his apartment. Dkt. # 34, at 17. As the Court has already noted, Greenbriar sent plaintiff a letter stating that he was being charged cleaning fees and unpaid rent due to his allegedly insufficient notice, but the letter advised plaintiff that his security deposit was being credited against the outstanding balance. See Dkt. # 2-3. Plaintiff argues that the lease expired on its terms on May 20, 2018 and defendants had no basis to charge him rent after that date, but defendants take the position that plaintiff was still required to provide 60 days notice before vacating his apartment regardless of the termination date stated in the lease agreement. Although the parties dispute the proper interpretation of the lease agreement, the existence of a disagreement in which both parties rely on the express language of the lease agreement shows that this is ordinary contract dispute, and plaintiff's allegations do not support an inference that defendant enforced the 60 day notice provision in retaliation for plaintiff's request for an accommodation.

Even though plaintiff has alleged sufficient facts to state an FHA claim, defendants also argue that plaintiff's FHA claim based on his April 24, 2018 request for an accommodation is barred by the statute of limitations. Under 42 U.S.C. § 3613(a), "[a]n aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after

the occurrence or termination of an alleged discriminatory housing practice . . . ." The statute of limitations begins to run on a failure to accommodate claim under the FHA as soon as "facts supportive of the cause of action are or should be apparent to a reasonably prudent person similarly situated." Telesca v. Village of Kings Creek Condominium Ass'n, Inc., 390 F. App'x 877, 882 (11th Cir. Aug. 2, 2010). A case may be timely under the continuing violation doctrine if the claim is premised on a discriminatory pattern, practice, or policy and the last alleged violation of the FHA occurred within the two year statute of limitations. Alcaraz v. KMF Oakland LLC, 2020 WL4539099, *6 (N.D. Cal. Aug. 6, 2020). This case was filed on May 20, 2020, and plaintiff claims that he has adequately alleged that he made three requests for accommodation from April to June 2018. However, the Court has found that the only act alleged by plaintiff that could potentially support an FHA claim was the April 24, 2018 denial of his request for an accommodation. Plaintiff alleges that he requested an accommodation on April 24, 2018 and his request was denied on the same date. Plaintiff does not allege that he sought reconsideration of the denial of his request for an accommodation or that he reasonably believed defendant was still considering his requested accommodation after he gave notice of his intent to vacate his apartment. Based on plaintiff's allegations, he was aware of the facts supporting his FHA claim on April 24, 2018, and there were no subsequent acts that could give rise to liability under the FHA that would extend the statute of limitations past April 24, 2020. Plaintiff filed this case on May 20, 2020, which is outside the applicable statute of limitations, and his FHA claim is barred by the applicable statute of limitations.

### B.

Defendants argue that plaintiff did not request or receive leave of court to file an amended complaint alleging a claim under the ORLTA, and the amended complaint was filed well after the

deadline for plaintiff to amend as of course under Fed. R. Civ. P. 15(a)(1). Plaintiff responds that the Court did not expressly preclude plaintiff from adding new claims or defendants in an amended complaint.

Under Federal Rule of Civil Procedure 15(a)(1), a party may file an amended complaint as a matter of course within "21 days after serving it" or "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." In all other situations, "a party may amend its pleadings only with the opposing party's written consent or the court's leave," and a court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court specifically narrowed the scope of the amendments that could be included in plaintiff's amended complaint, and plaintiff's position that the Court did not prohibit the inclusion of new claims completely ignores the express conditions stated in the prior opinion and order. Plaintiff did not ask for leave to include new claims in an amended complaint, and plaintiff did not give defendants or the Court notice that he intended to add new claims or parties in an amended complaint. Plaintiff was well outside of the time period to file an amended complaint under Rule 15(a)(1), and he could not file an amended complaint asserting additional claims without leave of court. Plaintiff did not request or receive leave to include new claims in his amended complaint, and the Court finds that plaintiff included a new claim under the ORLTA in violation of the Court's order allowing him to file an amended complaint. Therefore, plaintiff's ORLTA claim is dismissed, but the Court will dismiss the claim without prejudice to refiling.

**IT IS THEREFORE ORDERED** that Defendants Tulsa Greenbriar I, LLC and Gaines Investment Trust's Motion to Dismiss Plaintiff's First Amended Complaint and Brief in Support (Dkt. # 40) is **granted**. A separate judgment of dismissal is entered herewith.

**DATED** this 3rd day of June, 2022.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE